UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE,

    Plaintiff,                    Civil Case No. 15-14255
                                     Honorable Linda V. Parker

v.

JOHN MILLER, TROY CUNNINGHAM,
TROY STEWART, MICHAEL SHORT, and
ART KLEINERT,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS

Plaintiff initiated this lawsuit pursuant to 42 U.S.C. § 1983 on December 7, 2015, alleging that Defendants conspired to infringe his First Amendment rights and deprive him of his equal protection rights. Plaintiff's claims arose from his unsuccessful candidacy for Bay County Sheriff in 2012 and 2016. On June 14, 2017, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 39), which this Court granted in a decision issued December 28, 2017. (ECF No. 56.) While the motion was pending, Defendants filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (ECF No. 53.) Defendants seek Rule 11 sanctions, arguing that "the claims asserted against [them] were clearly without factual or legal support at the time the

complaint was filed; and continued to be, through the close of discovery and at the … summary judgment stage." (*Id.* ¶ 4, Pg ID 2387.) Plaintiff has filed a response to the motion. (ECF No. 55.)

Under Rule 11, each paper presented to the Court carries an implied certification that

> … to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).[1] In the Sixth Circuit, "the test for the imposition of Rule 11 sanctions [is] …whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 376, 384 (6th

---

[1] Rule 11 includes a "safe harbor" provision, requiring the party seeking sanctions to serve his or her motion on the allegedly offending party at least twenty-one days before filing or presenting it to the court. Fed. R. Civ. P. 11(c)(2). Defendants complied with this requirement. (*See* Defs.' Mot. at 4 n.1, ECF No. 53 at Pg ID 2388.)

Cir. 1997) (quotation marks and citations omitted)  Whether sanctions are warranted is not determined in hindsight, but rather by examining counsel's conduct and reasonable beliefs when the pleading was filed.  *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990).

Nevertheless, Rule 11's reasonableness requirement "is not a one-time obligation."  *Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996) (citing *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988)).  "'The plaintiff is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11.'"  *Id.* (quoting *Herron*, 858 F.2d at 335-36.)  What constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available; whether counsel had to rely on a client for underlying factual information; and whether the pleading, motion, or other paper was based on a plausible view of the law.  *See* Fed. R. Civ. P. 11 advisory committee notes.

As this Court found in its December 28, 2017 decision granting summary judgment to Defendants, the claims Plaintiff asserted in this case were either not supported by existing law or were not supported by the facts in the record.  Even if Plaintiff presented evidence of a conspiracy—which he did not—the facts did not establish the denial of *Plaintiff's* equal protection or First Amendment rights. While Plaintiff's counsel may have had a legitimate argument for why a

conspiracy claim under 42 U.S.C. § 1985 reached Plaintiff's political activity, none of the actions he identified in furtherance of the conspiracy suggested viable constitutional injury—much less injury—to Plaintiff.

Specifically troubling to this Court is Plaintiff's counsel's "fast and loose" treatment of the record evidence. Factual assertions were made without citations to the record or with citations to evidence not actually submitted (e.g., the non-existent transcript from Neil Papin's deposition) or were contradicted or not supported by the evidence actually presented (e.g., the claim that the defamation lawsuits filed by Stewart and Shore were for the sole purpose of draining the resources available to Plaintiff to pursue his campaign for Sheriff). Witness affidavits submitted by Plaintiff asserted facts contradicted by those witnesses' deposition testimony or facts for which the witnesses' testimony reflected they lacked first-hand knowledge.

Even if Plaintiff's counsel believed the asserted claims had merit when the lawsuit was initiated, discovery should have made clear that the facts did not support the claims and that they lacked merit. It is not *per se* unreasonable for a lawyer to zealously advocate for his client in the face of countervailing evidence. Nor is Rule 11 intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. However, an attorney is expected to know the law, including the proof required to establish the alleged claims, and should be

4

sanctioned for continuing litigation asserting claims wholly lacking legal and factual merit.

As such, the Court concludes that sanctions are warranted in an amount equal to the attorney's fees Defendants reasonably incurred in preparing and filing their motion for summary judgment and their motion for sanctions. The Court also concludes that Plaintiff's counsel, alone, bears the responsibility for the Rule 11 violations. Unquestionably, it was the duty of Plaintiff's counsel to ascertain and advise his client about the law governing the asserted claims and to determine and seek in discovery the factual support needed to justify the continued pursuit of those claims. When no such support was forthcoming, it was Plaintiff's counsel who made factual assertions not supported by the record and manufactured questionable affidavits in response to Defendants' summary judgment motion.

Accordingly,

Defendants' motion for sanctions is **GRANTED**. Within fourteen (14) days of this Opinion and Order, Defendants shall file and serve a statement and supporting materials setting forth the attorneys' fees and expenses claimed to be awardable in accordance with this decision. Plaintiff shall then have fourteen (14) days to file and serve any objections to the award sought by Defendants. Thereafter, the Court will enter an order determining an appropriate monetary

sanctions.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 14, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 14, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager